[Civ. No. 11473. First Appellate District, Division Two.—March 17, 1941.]

ROSEMOND T. De HART et al., Respondents, v. JOE ALLEN, Defendant; ANNA ALLEN, Appellant.

Ernest Spagnoli and Walter F. Lynch for Appellant.

Abraham Setzer and Carl E. Day for Respondents.

NOURSE, P. J.—Upon a hearing of a third party claim under section 689 of the Code of Civil Procedure judgment went against the claimant and she appeals. ▮ The single ground urged on the appeal is the question of the sufficiency of the evidence to support the judgment. For that reason respondents' argument relating to appellant's failure to ''present each point separately under an appropriate heading'' (Rule VIII of the Rules for the Supreme Court and District Courts of Appeal) has no merit.

On July 30, 1936, Anna Allen deposited in the bank the sum of $680 in a special savings and checking account opened in her own name. At the same time there was filed with the bank her written power of attorney authorizing Joe Allen to draw upon that account. The parties were then living together as husband and wife, though no legal marriage was shown. Other deposits were made in the account from time to time and Joe Allen drew some checks against the account which were signed ''Anna Allen, by Joe Allen, agent.'' On January 4, 1940, the balance in the account of $370.75 was attached under a writ issued in an action pending against Joe Allen individually. On January 18, 1940, Joe and Anna

Allen were formally married under the provisions of section 79 of the Civil Code.

All the foregoing facts are conceded. The testimony of the third party claimant regarding the source of the moneys which went into the bank account from time to time and the use of the moneys withdrawn were apparently rejected by the trial court. The testimony of the debtor denying his interest in the fund and the source of the several deposits must also have been rejected. It is upon this assumption that the respondents argue that, as the trial court did not believe this testimony, it could reject all the testimony of these witnesses because of the suspicious character of the proof offered. This may be so, but it would leave respondents without a case. ■ A judgment cannot rest on suspicion alone, and there are certain presumptions applicable here which the statute declares to be satisfactory evidence, if uncontradicted. When these presumptions furnish satisfactory evidence of the fact to be proved, and are uncontradicted, they cannot be rejected arbitrarily because of suspicious circumstances in the testimony offered to *support* them. Thus the presumption that a person takes ordinary care of his own concerns cannot be rejected solely because the court does not believe the witness who testified that such care was taken.

■ Where money is deposited in a bank account by a married woman it is held "for the exclusive right and benefit of such depositor, and free from the control or lien of all other persons, except creditors," i. e., of the depositor. (Section 15a, Bank Act.) All property owned by a wife before her marriage is presumed to be her separate property. (Section 162 of the Civil Code.) A man and woman deporting themselves as husband and wife are presumed to have entered into a lawful contract of marriage. (Subdivision 30 of section 1963 of the Code of Civil Procedure.) When money is paid to or deposited in the bank account of another it is presumed to be due to and to belong to the latter. (Subdivisions 7 and 8 of the same section.) A person is presumed to own things possessed by him, and to be the owner of property from exercising acts of ownership over it. Subdivisions 11 and 12 of the same section.

The application of these presumptions seems plain. When the money was deposited in the bank to the account of the third party claimant in the ordinary course of business it

presumably was her property no matter what its source.   Subsequent deposits to the same account would become accumulations of the principal fund and ownership would follow the possession.   There was not a word of evidence tending to contradict or rebut any of these presumptions, and there was no evidence of any kind tending to prove that the debtor had ownership of or any lienable interest in the fund under attachment.

The judgment is reversed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing was denied April 16, 1941, and respondents' petition for a hearing by the Supreme Court was denied May 15, 1941.